Dear Ms. Pierce-Westbrook:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the New Orleans Municipal Yacht Harbor ("MYH"), you have asked for our opinion on matters related to the collection of boathouse and boat slip rentals.
According to your request, the MYH was completely devastated by Hurricane Katrina. At this point in time, the MYH is beginning to move forward with its recovery effort. In that regard, the MYH is currently embarking on an aggressive rent collection effort from all boathouses and boat slips in order to prepare for the rebuilding effort. However, due to a lack of activity in the MYH for a long time, you indicate that the MYH is not invoicing rental payments for the period of time from Hurricane Katrina through December 31, 2006. You ask whether such a practice is legal in light of the constitutional prohibition against the gratuitous alienation of public funds mandated by Louisiana Constitution Article VII, Section 14.
Louisiana Constitution Article VII, Section provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In general terms, our office has interpreted this provision as prohibiting the gratuitous alienation of public funds, property, and/or resources for private purposes. The Louisiana Constitution mandates that public funds and resources be used for public purposes. Furthermore, in our view, providing rental space without receiving anything of value in return for such use, would amount to a prohibited donation under Article VII, Section 14. *Page 2 
However, in Attorney General Opinion No. 08-0256 we opined that a waterworks district could waive or adjust downward high water bills resulting from damage caused by a hurricane in order to preserve property and recover from a natural disaster which created an emergency situation. We believed that such an action would be for the public purpose of promoting the general welfare of the people and helping to fulfill statutory provisions on emergencies. In our response, we recognized that the Louisiana Legislature has designated that relief from hurricanes and other natural disasters creating emergencies is a public purpose. See
La.Rev.Stat. 29:722, see also Attorney General Opinion Nos 99-94 and 05-0360.
Turning attention now to the question presented, as stated in your opinion request the MYH was completely devastated by Hurricane Katrina and most of the boathouses and the boat slips were inaccessible. The damage and resulting inaccessibility was not caused by renters or the MYH, but rather by an act of God. Under these facts, it is our opinion that the waiving of rental payments for the limited period of time the MYH was closed and inaccessible due to damage caused by Hurricane Katrina would not amount to a prohibited donation inasmuch as the boathouses and boat slips were inaccessible and renters could not use them for their intended purposes.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt